**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Dennis Crocker, Loretta Faye Dempsey, and One Stop Muffler, LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>City of Park Hills, Missouri, Rachel St. Pierre, Ray Robertson, Daniel Naucke, John Clark, Richard McFarland, and Mark McFarland,<br>Serve all Defendants at:<br>   City Hall<br>   Nine Bennett Street<br>   Park Hills, MO  63601<br>   573.431.3577<br><br>  Defendants. | Case No. _____ |

**COMPLAINT**

COME NOW Plaintiffs, Dennis Crocker, Loretta Faye Dempsey and One Stop Muffler, LLC, for their Complaint against Defendants, City of Park Hills, Missouri, Rachel St. Pierre, Ray Robertson, Daniel Naucke, John Clark, Richard McFarland and Mark McFarland, and state:

**PARTIES**

1. Plaintiff, Dennis Crocker ("Dennis"), is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.

2. Plaintiff, Loretta Faye Dempsey ("Loretta"), is a resident of Pilot Knob, Iron County, Missouri and a citizen of the State of Missouri.

3. Plaintiff, One Stop Muffler, LLC ("One Stop"), is a limited liability company organized and existing under the laws of the State of Missouri.  At all

times relevant, it was and is owned by Dennis. Dennis is the sole member of One Stop.

4. Defendant, City of Park Hills, Missouri ("Park Hills"), is a municipality organized and existing under the laws of the State of Missouri, located in St. Francois County, Missouri.

5. Defendant, Rachel St. Pierre ("St. Pierre"), is the Community Development Director for the City of Park Hills, Missouri. She is a resident of St. Francois County, Missouri and a citizen of the State of Missouri. Suit is brought against St. Pierre in her individual capacity.

6. Defendant, Ray Robertson ("Robertson"), is an employee of the City of Park Hills, Missouri. He is a resident of St. Francois County, Missouri and a citizen of the State of Missouri. Suit is brought against Robertson in his individual capacity. His duties include the inspection of buildings located within the City of Park Hills.

7. Defendant, Daniel Naucke ("Naucke"), is the former mayor of Park Hills, Missouri. He is a resident of St. Francois County, Missouri and a citizen of the State of Missouri. Suit is brought against Naucke in his individual capacity.

8. Defendant, John Clark ("Clark"), is the current mayor of Park Hills, Missouri. He is a resident of St. Francois County, Missouri and a citizen of the State of Missouri. Suit is brought against Clark in his individual capacity.

9. Defendant, Richard McFarland, is the Chief of Police of Park Hills, Missouri. He is a resident of St. Francois County, Missouri and a citizen of the

State of Missouri. Suit is brought against Richard McFarland in his individual capacity.

10. Defendant, Mark McFarland, is the City Administrator of Park Hills, Missouri. He is a resident of St. Francois County, Missouri and a citizen of the State of Missouri. Suit is brought against Mark McFarland in his individual capacity.

## VENUE AND JURISDICTION

11. Plaintiffs contend that Defendants intentionally discriminated against Plaintiffs through selective prosecution of the ordinance violation charges against them and through selective enforcement of the Park Hills ordinances concerning business licensing, dangerous buildings, trespassing, parking and related ordinances, in violation of the Fourteenth (14th) Amendment to the United States Constitution and in violation of 42 U.S.C. §1983 *et seq*.

12. This Court has venue under 28 U.S.C. §1391(b)(1) and (2) in that the parties reside within this district and the events at issue occurred within this district.

13. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §1983.

14. This Court also has supplemental jurisdiction of the state law claims for false arrest and trespass, in Counts II and III, pursuant to 28 U.S.C. §1367.

**GENERAL ALLEGATIONS**

15. At all times relevant, for a period of approximately 33 years, Dennis, through One Stop, operated a brake and muffle business within the City of Park Hills, Missouri at 15 South Coffman Street, legally described at "Lot 14, block 10, town of Flat River, plat book 5 at page 7 and block B in plat book 5 at page 27 of the land records of St. Francois County, Missouri" (hereinafter "the property"). Flat River was subsequently renamed as Park Hills.

16. Park Hills has sent several notices to the Plaintiffs with respect to the property, but has claimed the property is located at 11 & 13 South Coffman, not 15 South Coffman Street.

17. The building on the property is constructed of concrete and steel, is approximately 120 ft. x 100 ft., and includes four (4) levels. The lower level is a basement with a garage door. The second level is the garage where automobile repair work was performed. The third level is the lobby and waiting room and the fourth level is Dennis's office.

18. Initially Dennis leased the property from the A.L. Harris Trust, Eric C. Harris, Trustee.

19. In about 1993 Dennis entered into a contract for deed to purchase the property, and since that date has performed repairs on the property, paid the real estate taxes and made payments to the owner under the contract for deed.

20. During January and February 2021, Dennis assigned his rights in the contract for deed to his mother, Loretta, a widow now 82 years of age. Eric C. Harris, Trustee and A.L. Harris Trust executed a warranty deed for the property in favor of Loretta, who paid the balance due under the contract for deed, about $60,000, and Loretta executed a beneficiary deed for the property in favor of Dennis so that, upon her death, the property will be owned by Dennis.

21. Dennis's interest in the contract for deed was assigned to Loretta in part because she paid the balance due under the contract for deed and in part because of the continued harassment, selective prosecution and selective enforcement Dennis received from Defendants over the past four (4) years, as more specifically described below.

22. Beginning in about 2017 Defendants began to issue multiple ordinance violations-tickets against Dennis and One Stop.

23. By October 2021 Defendants had issued more than 250 ordinance violations-tickets against Dennis and One Stop and more than 30 ordinance violations-tickets against Loretta.

24. In addition, Defendants declared the building at the property to be a dangerous building and a public nuisance, claiming the roof structure was severely at risk, there was junk, debris, derelict vehicles and interior fire damage on the property even though the building did not meet the standards for a dangerous building or a public nuisance.

25. During October 2020 Defendants refused to renew the business license for Dennis and One Stop. Mark McFarland stated that he would never give Dennis and One Stop a business license. Dennis and One Stop had operated their business of automobile repairs in Park Hills for more than 30 years at the time their business license renewal was refused.

26. The property joins an abandoned alley. Tickets were given if an automobile on the property for repairs was 6-inches over the property line and partially, by 6-inches, in the abandoned, unused alley.

27. The abandoned alley behind the property was abandoned more than 25 years ago and became part of the parking lot of the adjoining supermarket, Country Mart. The tickets that were given for cars on the property of Dennis and One Stop for being slightly over the boundary with the Country Mart parking lot were for motor vehicles that were only barely over the unmarked boundary between the property and the Country Mart parking lot. A police officer then painted a line indicating what he contended was the boundary and stated to Dennis that he would give a ticket for any vehicle that was only slightly over the painted line. None of the cars that were allegedly barely over the boundary (before it was painted) interfered in any way with the use of the parking lot, including the abandoned alley, by Country Mart.

28. Tickets were given to Dennis and One Stop for customers' cars parked by the customers, not Plaintiffs, across the street from the property.

29. Tickets were given for small stacks of used tires stacked on the premises after removal from customer's cars.

30. During a relatively small interior fire, on about December 22, 2016, the Park Hills Fire Department cut a small hold in the roof to extinguish the fire.

31. On about September 7, 2021, Park Hills obtained a secret administrative search warrant to inspect the property. The administrative search warrant was directed to the property allegedly located at 11 & 13 South Coffman, Park Hills, for the purpose of inspecting alleged violations of the Building Code, §510.020 through §510.120 of the City Code, to determine if it was a dangerous building. Thereafter an inspection was performed on the property at 15 South Coffman, Park Hills, but a report of that inspection was not issued, to the best knowledge of Plaintiffs.

32. During about from March through May 2021, Defendants turned off the water and electricity to the property and removed the water meter and the electric meter, and cut and removed the padlocks Plaintiffs had placed on the building.

33. On information and belief, the property has a fair market value of more than $300,000.

34. During the past two (2) years, Defendants hauled away approximately 18 cars owned by the customers of Dennis and One Stop, and hauled away approximately 10 motor vehicles owned by Dennis and One Stop. Plaintiffs and their customers were then required to pay impound fees to recover their vehicles.

35. During, approximately 2018 or 2019, Park Hills bought the property previously occupied by the Piggly Wiggly supermarket, immediately across Coffman Street from the property owned by Plaintiffs.

36. On information and belief, Park Hills plans to build a new City Hall on this property immediately across Coffman Street from Plaintiffs' property.

37. During about May 2021, Dennis was on the property, to inspect it, but was not conducting business there, because his business license had not been renewed. At that time and place, a police officer approached Dennis and stated that Dennis was in violation of the city ordinances by conducting business without a license, even though Dennis was not conducting business, and also stated that he would harass Dennis by giving him additional tickets every time he saw him on the property. Dennis was given a ticket that day.

38. Defendants have not enforced Park Hills' ordinances and have not prosecuted ordinance violation charges against other property owners and other businesses within Park Hills that had, and have, conditions similar to those that exist on the property owned by Plaintiffs and located at 15 South Coffman, including any property that Plaintiffs own at 11 & 13 South Coffman, if any.

39. Other business owners and other properties with similar conditions which were not prosecuted and against which the city ordinances were not enforced include:

    a. Safe Way Radiator & Auto Repair, 100 West Main Street;

    b. Dunlap Automotive, 210 East Main Street;

  c. J&M Auto, 808 East Main Street; and

  d. Nash Automotive, 113 South Front Street.

## COUNT I

### AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 *ET SEQ.*

40. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 39 as fully set forth above.

41. Defendants have engaged in a pattern of conduct by selectively enforcing the ordinances of Park Hills against Plaintiffs and by selectively prosecuting the Plaintiffs for alleged violations of the city ordinances concerning alleged business licensing, dangerous buildings, trespassing, parking and related ordinances for the purpose of forcing Plaintiffs out of the property and acquisition of the property by Park Hills.

42. Mark McFarland refused to renew the business license of One Stop and Dennis after 30 years of operation.

43. Richard McFarland directed the city police officers to issue tickets against Plaintiffs at every opportunity and for frivolous reasons, by issuing more than 280 tickets against Dennis and Loretta combined.

44. The former mayor, Naucke and the current mayor, Clark, knew of and ordered the other Defendants to selectively enforce the city ordinances against Plaintiffs and to selectively prosecute Plaintiffs for alleged violations of the city ordinances.

45. St. Pierre issued the notice finding the property (at 11 & 13 South Coffman) to contain a dangerous building and finding it to be a public nuisance

on June 30, 2021, and directed Robertson to inspect the property and to issue reports finding the property to be a dangerous building and public nuisance.

46. Robertson inspected the property and found it to be a dangerous building and public nuisance even though the condition of the property and the operation of the property was similar to numerous other properties within the City of Park Hills, and tickets for ordinance violations and prosecution of those tickets against the other businesses and properties described above were not issued and were not prosecuted against the other businesses and property owners.

47. There was no rational basis for the difference in treatment of Plaintiffs when compared to the treatment of the other businesses and property owners in Park Hills.

48. Each Defendant participated in a conspiracy to selectively enforce the city ordinances against Plaintiffs and to selectively prosecute claims alleging violations of the city ordinances against the Plaintiffs.

49. Defendants, collectively, violated §1 of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 *et seq.* by selectively enforcing the city ordinances against Plaintiffs and by selectively prosecuting Plaintiffs for alleged violations of the city ordinances.

50. As a direct result of the violations of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, Plaintiffs have been damaged in the following respects:

    a. loss of use of the property and the building at 15 (and 11 & 13 to the extent applicable) South Coffman;

    b.    loss of income and profit from the operation of One Stop from October 2020 to the present date;

    c.    loss of income and profit from the operation of One Stop in the future;

    d.    extreme and severe humiliation and emotional distress for Loretta and Dennis;

    e.    damage to the reputation of Dennis; and

    f.    damage to the reputation of Loretta.

51.    The conduct of each Defendant was intentional, malicious, willful, wanton, unjustified, outrageous and in conscious disregard for the rights of others warranting awards of punitive damages in favor of Plaintiffs and against Defendant, Rachel St. Pierre, in a sum in excess of $100,000, against Defendant, Ray Robertson, in a sum in excess of $100,000, against Defendant, Daniel Naucke, in a sum in excess of $100,000, against Defendant, John Clark, in a sum in excess of $100,000, against Defendant, Richard McFarland, in a sum in excess of $100,000, and against Defendant, Mark McFarland, in a sum in excess of $100,000.

52.    Plaintiffs have incurred, and will incur attorney's fees in a sum in excess of $150,000 in prosecuting this case, which Plaintiffs are entitled to recover from Defendants, jointly and severally, under 42 U.S.C. §1988.

## COUNT II

### PLAINTIFFS DENNIS CROCKER AND LORETTA FAYE DEMPSEY AGAINST ALL DEFENDANTS FOR FALSE ARREST

53.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 39 and 41 through 52, as fully set forth above.

54. Defendants, collectively, pursuant to a conspiracy, unlawfully restrained Dennis and Loretta, against their will by preventing them from entering the property, by issuing tickets each time they appeared on the property, by shutting off the water and electricity for the property and by removing the water meter and the electric meter from the property.

55. The conduct of Defendants, collectively, constitutes a false arrest. See *Blue v. Harrah's North Kansas City, LLC,* 170 S.W.3d 466 (Mo.App. WD 2005).

56. As a direct and proximate result of the false arrest of Dennis and Loretta by Defendants, collectively, Dennis and Loretta sustained the following damages:

    a. extreme emotional distress;

    b. damage to their reputations;

    c. loss of freedom of movement;

    d. loss of income, through salary, for Dennis; and

    e. loss of income, from use of the building and the property, by Loretta.

57. The conduct of each Defendant was intentional, malicious, willful, wanton, unjustified, outrageous and in conscious disregard for the rights of others warranting awards of punitive damages in favor of Plaintiffs and against Defendant, Rachel St. Pierre, in a sum in excess of $100,000, against Defendant, Ray Robertson, in a sum in excess of $100,000, against Defendant, Daniel Naucke, in a sum in excess of $100,000, against Defendant, John Clark, in a sum in excess of $100,000, against Defendant, Richard McFarland,

in a sum in excess of $100,000, and against Defendant, Mark McFarland, in a sum in excess of $100,000.

## COUNT III

### PLAINTIFFS DENNIS CROCKER AND LORETTA DEMPSEY AGAINST ALL DEFENDANTS FOR TRESPASS

58.   Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 39 and 41 through 52, as fully set forth above.

59.   At all times relevant Dennis and/or Loretta had the legal right to possession of the property.

60.   Defendants, pursuant to a conspiracy, violated Plaintiffs' right of possession of the property by inspecting the property at 15 South Coffman under a secret search warrant for 11 & 13 South Coffman; by cutting and removing the padlocks Plaintiffs had placed on the property; by entering the property without permission or authority; by turning off the water and electricity to the building on the property; and by removing the water meter and electric meter on the property.

61.   As a direct result of the trespass committed by Defendants, collectively, Plaintiffs sustained damages through the loss of use of their building and property in a sum in excess of $100,000.

62.   The conduct of each Defendant was intentional, malicious, willful, wanton, unjustified, outrageous and in conscious disregard for the rights of others warranting awards of punitive damages in favor of Plaintiffs and against Defendant, Rachel St. Pierre, in a sum in excess of $100,000, against Defendant, Ray Robertson, in a sum in excess of $100,000, against Defendant,

Daniel Naucke, in a sum in excess of $100,000, against Defendant, John Clark, in a sum in excess of $100,000, against Defendant, Richard McFarland, in a sum in excess of $100,000, and against Defendant, Mark McFarland, in a sum in excess of $100,000.

## COUNT IV

### ALL PLAINTIFFS AGAINST ALL DEFENDANTS FOR A PRELIMINARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION FOR VIOLATIONS OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 *ET SEQ.*

63.  Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 39 and 41 through 52, as fully set forth above.

64.  Plaintiffs do not have an adequate remedy at law.  Without injunctive relief, they will be precluded from using their property and precluded from operating the automobile repair business Dennis previously operated, through One Stop, for more than 30 years.

65.  There is a probability that Plaintiffs will succeed on the merits of their claims that Defendants selectively enforced the city ordinances against them and selectively prosecuted alleged violations of the city ordinances against them.

66.  Plaintiffs have suffered irreparable harm in that they have been barred from using their property and from operating the automobile repair business Dennis operated, through One Stop, for more than 30 years.

67.  The legitimate interests of other parties will not be harmed if injunctive relief is granted permitting Plaintiffs to use the property, which they own, and permitting Plaintiffs to operate the automobile repair business

Dennis had operated, through One Stop, for more than 30 years, at that location.

68.   The issuance of injunctive relief is in the public interest in that it would permit property owners to use their property and permit business owners, who had operated, successfully, an automobile repair business from their premises for more than 30 years.

69.   Plaintiffs seek a Temporary Restraining Order (a separate motion will be filed) followed by a preliminary injunction (a separate motion will be filed) followed by a permanent injunction, permitting them to resume using their property and permitting Dennis and One Stop to continue operating their automobile repair business.

## **PRAYER FOR RELIEF**

Plaintiffs, Dennis Crocker, Loretta Faye Dempsey and One Stop Muffler, LLC, pray for judgment against Defendants, City of Park Hills, Missouri, Rachel St. Pierre, in her individual capacity, Ray Robertson, in his individual capacity, Daniel Naucke, in his individual capacity, John Clark, in his individual capacity, Richard McFarland, in his individual capacity, and Mark McFarland, in his individual capacity, for the following damages and relief:

   a.   for compensatory damages in favor of Plaintiffs, collectively, against all Defendants, jointly and severally, in a sum in excess of $1,000,000;

   b.   for attorney's fees against all Defendants, jointly and severally, in a sum in excess of $150,000;

   c.   for punitive damages against Defendant, Rachel St. Pierre, in a sum in excess of $100,000;

    d.    for punitive damages against Defendant, Ray Robertson, in a sum in excess of $100,000;

    e.    for punitive damages against Defendant, Daniel Naucke, in a sum in excess of $100,000;

    f.    for punitive damages against Defendant, John Clark, in a sum in excess of $100,000;

    g.    for punitive damages against Defendant, Richard McFarland, in a sum in excess of $100,000;

    h.    for punitive damages against Defendant, Mark McFarland, in a sum in excess of $100,000;

    i.    for injunctive relief permitting Plaintiffs to use their property at 15 (and 11 & 13 to the extent applicable) South Coffman in Park Hills, permitting Dennis and One Stop to resume their automobile repair business and granting them a business license to conduct that business by issuing a temporary restraining order, followed by a preliminary injunction, followed by a permanent injunction;

    j.    for court costs; and

    k.    for such other and additional relief as the Court deems just and proper.

/s/ David M. Duree  
David M. Duree, MBE 21003  
David M. Duree & Associates, P.C.  
312 South Lincoln Avenue  
O'Fallon, IL  62269  
618.628.0186 (T)/618.628.0259 (F)  
law@dmduree.net  
*Attorney for Plaintiffs Dennis Crocker and Loretta Faye Dempsey*